PATTERSON, Judge.
The parties in this eminent domain case raise numerous issues on appeal and cross-appeal. We affirm in all respects except as to the issue of whether Fancy Farms can be compensated in the form of business damages for the prospective loss of profits from crops which might be planted in future years on the acres condemned. We determine that it cannot.
Fancy Farms owned an eighty-five acre commercial strawberry farm. Parcels 129 and 136, comprising a total of 2.88 acres, were taken by Polk County for road right-of-way purposes. The trial court permitted Fancy Farms to present evidence as to the probable profits to be derived from strawberry production on the condemned property in future years as business damages to the remainder. Fancy Farms made no claim for the loss of profits for crops planted and growing on the property at the time of the taking.[1] In addition to the sum awarded for the value of parcel 129, the jury awarded Fancy Farms $62,600 as business damages.
Section 73.071(3)(b), Florida Statutes (1987), which governs the award for business damages, states that a jury is to determine the amount of compensation to be paid, which may include:
(b) Where less than the entire property is sought to be appropriated, any damages to the remainder caused by the taking, including, when the action is by the Department of Transportation, county, municipality, board, district or other public body for the condemnation of a right-of-way, and the effect of the taking of the property involved may damage or destroy an established business of more than 5 years’ standing, owned by the party whose lands are being so taken, located upon adjoining lands owned or held by such party, the probable damages to such business which the denial of the use of the property so taken may reasonably cause; any person claiming the right to recover such special damages shall set forth in his written defenses the nature and extent of such damages[.]
This section only allows compensation for damage to an ongoing business located on the remainder of the property not taken. Such damages are not available when the “business” is located wholly within the condemned property. See State Road Dep’t v. Bramlett, 189 So.2d 481 (Fla.1966). We know of no case which squarely addresses the issue presented in this case. However, in Lee County v. T & H Assoc., Ltd., 395 So.2d 557 (Fla. 2d DCA 1981), a case dealing with the valuation of land upon which there was a growing crop of watermelons, this court observed, “[I]n the case of growing crops the prospective revenue comes from the property itself rather than from a business operated at a particular location.” 395 So.2d at 560. This being the case, there is no “business” conducted on the remainder which can suffer damage. The award of business damages was therefore improper. Reversed and remanded.
FRANK, C.J., and SCHOONOVER, J., concur.

. Fancy Farms did not offer expert witness testimony as to the value of the land taken nor did it attempt to show an enhanced value of the property, using the income capitalization approach.